UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAYMOND C. YOUNG,

    Plaintiff,

vs.

CASE NO. 8:18cv870T30MA(?)

JURY TRIAL DEMANDED

D.A.S.I., INC., d/b/a
DIVERSIFIED ADJUSTMENT SERVICE,
INC.

    Defendant.

_____/

## COMPLAINT

Plaintiff, RAYMOND C. YOUNG ("Plaintiff"), allege the following Complaint against Defendant, D.A.S.I., INC., d/b/a DIVERSIFIED ADJUSTMENT SERVICE, INC. ("Defendant"):

1. This is an action for damages for violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 et seq. ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55 et seq. ("FCCPA").

## PARTIES

2. Plaintiff is a "consumer" as that term is defined by Fla. Stat. § 559.55(2) and the FDCPA.

3. Defendant is a debt collector with its principal place of business in Minnesota. Defendant has a registered agent located in the state of Florida, and the actions forming the basis of this Complaint took place at Plaintiff's home location in this district.

4. Defendant is a "person" subject to regulation under Fla. Stat. § 559.72 and a debt collector under the FDCPA.

-1-

5. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number, (813-XXX-7629), and was the called party and recipient of Defendant's autodialer calls.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 for the TCPA & FDCPA claim, and should exercise supplemental jurisdiction over the state FCCPA claims pursuant to 28 U.S.C. § 1367(a), as such claims are so closely related so as to form part of the same case or controversy.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), in that the acts giving rise to this action occurred in this District.

## FACTUAL ALLEGATIONS

8. Plaintiff allegedly incurred a consumer debt, which Defendant was attempting to collect (hereinafter "Subject Debt").

9. The Subject Debt is considered a "consumer debt" as defined by the FCCPA & FDCPA, as it constitutes an obligation for the payment of money arising out of a transaction in which the money and/or services which was the subject of the transaction was primarily for Plaintiffs' personal, family, or household purposes.

10. In or around July, 2017, Plaintiff became delinquent on the Subject Debt.

11. Shortly thereafter, as part of its efforts to collect the Subject Debt, Defendant began a campaign of calling Plaintiff's cellular phone numerous times.

12. In August, 2017, Defendant autodialed Plaintiff's cell phone in an attempt to collect the subject debt. Plaintiff informed Defendant that he did not believe he owed what they claimed he owed. He then requested Defendant to stop calling his cell phone.

13. Plaintiff has requested Defendant to stop calling his cell phone on numerous occasions since.

14. Each of Defendant's calls placed to Plaintiff's cell phone in which he answered had a time-gap before one of Defendant's representatives would respond. This suggests Defendant used an automated telephone dialing system to place calls to Plaintiff's cell phone.

15. Further, Defendant has a corporate policy to use an Automatic Telephone *Dialing* System (as defined by the TCPA) and has numerous other federal lawsuits pending against them alleging similar violations and facts as stated in this complaint.

16. Despite Plaintiff informing Defendant for his reason of non-payment towards the Subject Debt and taking all reasonable measures at negotiating a resolution to the Subject Debt, the Defendant continued its efforts to try and collect the Subject Debt from Plaintiff. As a result, Defendant's subsequent attempts to persuade Plaintiff were made with the intent to simply exhaust Plaintiff's will and harass Plaintiff.

17. The above-referenced conduct was a willful attempt by Defendant to engage in conduct which was reasonably expected to abuse or harass Plaintiff.

18. Defendant's conduct has caused Plaintiff to suffer injuries in fact through significant anxiety, emotional distress, frustration, and anger.

19. Defendant's autodialer calls to Plaintiff's cell phone caused him headaches.

20. By effectuating these unlawful phone calls, Defendant has caused Plaintiff the very harm that Congress sought to prevent—namely, a "nuisance and invasion of privacy."

21. Defendant's aggravating and annoying phone calls trespassed upon and interfered with Plaintiff's rights and interests in his cellular telephone and cellular telephone line, by intruding upon Plaintiff's seclusion.

22. Defendant's phone calls harmed Plaintiff by wasting his time.

23. Moreover, "wireless customers [like Plaintiff] are charged for incoming calls whether they pay in advance or after the minutes are used." In re: Rules Implementing the TCPA of 1991, 23 FCC Rcd 559, 562 (2007). Defendant's phone calls harmed Plaintiff by depleting the battery life on her cellular telephone, and by using minutes allocated to Plaintiff by her cellular telephone service provider.

## COUNT I

## VIOLATIONS OF THE TELEPHONE COMSUMER PROTECTION ACT
## 47 U.S.C. § 227 *et seq.*

24. Plaintiff incorporates by reference paragraphs 1 through 23 of this Complaint as though fully stated herein.

25. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service ..." 47 U.S.C. § 227(b)(1)(A)(iii).

26. The Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice, without Plaintiff's consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

27. Plaintiff revoked any prior express consent Defendant had to call Plaintiff's cellular telephone number. As such, the Defendant's calls were willful or knowing. *See* 47 U.S.C. § 312(f)(1).

28. As a result of the Defendant's conduct and pursuant to Section 227(b)(3) of the TCPA, Plaintiff was harmed and is entitled to a minimum of $500 in damages for each violation.

29. Because the Defendant knew that Plaintiff had revoked prior express consent to receive their autodialed and prerecorded voice calls to his cellular telephone – and /or willfully used an automatic telephone dialing system and/or prerecorded voice message to call Plaintiff's cellular telephone without prior express consent – Plaintiff requests the Court to treble the amount of statutory damages available to Plaintiff pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff demands judgment against the Defendant for damages, costs, and such further relief as this Court deems just and proper.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. 1692 § *et seq.*

30. Plaintiff incorporates by reference paragraphs 1 through 23 of this Complaint as though stated fully herein.

31. The foregoing acts and omissions of Defendant constitute multiple violations of the FDCPA, including 15 U.S.C. §§ 1692d and 1692d(5).

32. As a result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k, Plaintiff is entitled to statutory damages in an amount up to $1,000.00, actual damages, plus reasonable attorneys' fees and costs.

WHEREFORE Plaintiff demands judgment against Defendant for damages, attorneys' fees, costs, and such further relief as this Court deems just and proper

## COUNT III

### VIOLATIONS OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT
### FLORIDA STATUTES § 559.55 *et seq.*

33. Plaintiff incorporates by reference paragraphs 1 through 23 of this Complaint as though fully stated herein.

34. The foregoing acts and omissions of Defendant constitute a violation of the FCCPA:

   a. Fla. Stat. 559.72(7): Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

35. As a result of Defendant's violation of the FCCPA, pursuant to Fla. Stat. § 559.77 Plaintiff is entitled to damages in an amount up to $1,000.00 for violation of the FCCPA, actual damages, plus reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff demands judgment for actual and statutory damages, attorneys' fees, costs, and such further relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

/s/ _____
Jon P. Dubbeld, Esq.
Fla. Bar No. 105869
Jon@berkmyer.com
Berkowitz & Myer
4900 Central Avenue
St. Petersburg, Florida 33707
(727) 344-0123(office)
*Attorneys for Plaintiff*